IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD JOSE DUPREE, JR.,

    Plaintiff,    No. CIV S-11-1619 DAD P

    vs.

MISTY MILLS,    ORDER AND

    Defendant.    FINDINGS AND RECOMMENDATIONS

    /

    Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983 together with an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.  **In Forma Pauperis Application**

    Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

    Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. § 1914(a) & 1915(b)(1). Plaintiff will be assessed an initial partial filing fee of 20 percent of the greater of (a) the average monthly deposits to plaintiff's trust account; or (b) the average monthly balance in plaintiff's account for the 6-month period immediately preceding the

filing of this action. 28 U.S.C. § 1915(b)(1). Upon payment of that initial partial filing fee, plaintiff will be obligated to make monthly payments in the amount of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

II. **Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint. See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

III. **Civil Rights Action**

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

IV. **Plaintiff's Complaint**

In his complaint, plaintiff alleges that defendant Misty Mills, a salesperson for "Jewelry T.V.", is his former girlfriend and a witness to plaintiff's "lyrics being stolen via satellite." (Compl. (Doc. No. 1), § IV at 2.) Plaintiff contends that Ms. Mills has been forced to watch while plaintiff is treated with disrespect, ridicule and his constitutional rights being violated, because he is the father of her children and billions of dollars have been stolen from plaintiff by the satellite organizations. (Id. at 3-4.) Plaintiff asserts that he has no choice but to

/////

/////

3

sue Ms. Mills for "misprision of felony."[1]  (Id. at 4.)

V. **Analysis**

        Plaintiff's complaint is defective in several respects.  First, Ms. Mills is not a proper defendant for a § 1983 action.  She is not a person alleged to be acting under color of law.  Second, misprision of felony is a federal criminal law provision and does not provide a legal basis to support a civil rights action.  Third, plaintiff has failed to allege facts stating a cognizable civil rights claim.  In this regard, plaintiff has not claimed a violation of any rights, privileges, or immunities secured by the U.S. Constitution.  Therefore, the court will recommend that this action be dismissed for failure to state a cognizable claim.

        The undersigned has carefully considered whether plaintiff may amend his complaint to state any claim upon which relief can be granted.  Although Rule 15(a)(2) requires that the court "should freely give leave when justice so requires[,]" it is within the court's discretion to deny such leave to amend when there has been "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice for the opposing party by virtue of allowance of the amendment, futility of amendment, etc."  Forman v. Davis, 371 U.S. 178, 182 (1962). See also California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988) ("Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."); Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir.1983) (holding that, while leave to amend shall be freely given, the court need not allow futile amendments).  Here, plaintiff's claim is clearly not cognizable and his allegations are frivolous.

---

[1] In this respect, in his complaint plaintiff cites to 18 U.S.C. § 4 which provides:

> **Misprision of felony**.  Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both.

Under these circumstances the granting of leave to amend would be futile. Accordingly, the court will recommend that plaintiff's complaint be dismissed with prejudice and without leave to amend.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's June 15, 2011 application to proceed in forma pauperis (Doc. No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The Clerk of the Court is directed to randomly assign this case to a District Judge.

Also, IT IS HEREBY RECOMMENDED that this action be dismissed without leave to amend due to plaintiff's failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 13, 2012.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
dupr1619.fsc